UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN BERNAL,<br><br>Defendant. | No. 1:19-CR-00083-NONE<br><br>ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>(Doc. No. 4) |

In November of 2013, in the U.S. District Court for the Southern District of Iowa, defendant Bernal was sentenced to the custody of the U.S. Bureau for a term of 88 months with a five year term of supervised release to follow for violating 21 U.S.C. §§ 841, 846 in connection with his participation in a methamphetamine trafficking conspiracy. Defendant served his prison sentence and commenced his term of supervised release on April 17, 2018. On April 15, 2019, jurisdiction with respect to defendant's supervised release was transferred to the Eastern District of California. (Doc. No. 2.)

On October 28, 2021 attorney Michelle Silva filed a notice of appearance with this court and, on December 1, 2021, filed a motion for early termination of defendant Bernal's term of supervised release. (Doc. Nos. 3, 4.) In that motion, defendant's counsel argued that defendant had remained in full compliance with the conditions of his supervised release, had satisfied the

criteria for early termination, had successfully reintegrated into society, had been placed under low risk supervision by the probation office in this district and, perhaps most importantly, that his supervising probation officer had no opposition to the early termination of his supervised release term.  (Doc. No. 4.)

Thereafter, the court received an informal confirmation by email from defendant's supervising probation officer that defense counsel's representations were accurate, that probation had no opposition to the granting of early termination and had so advised government counsel. The court was then advised that the government was requesting time to oppose the motion. Accordingly, a briefing schedule was set and then extended at the government's request with the government's opposition ultimately due to be filed by January 6, 2022 and any defense reply to be filed by December 13, 2022.  (Doc Nos. 7, 8.)  On January 4, 2022, the government filed its opposition to the pending motion.  (Doc. No. 9.)  No reply was filed by defendant's counsel and the time to do so has now passed.

In its opposition, the government argues essentially that defendant has not served a sufficient amount of his five year term of supervised release, that his mere compliance with the terms of his supervised release to this point is an insufficient basis upon which to grant early termination and that the defendant received a significant benefit when he was sentenced by the district court in Iowa to a prison term far below the applicable advisory sentencing guideline range and should receive no further consideration as to his sentence.[1]  (Doc. No. 9.)

/////

---

[1]  The government suggests that defendant's motion for early termination should be denied because he played an aggravated role in his offense of conviction according to the presentence report prepared in his case. (Doc. No. 9 at 2 and n.2.)  However, the government also reports that defendant was safety valve eligible resulting in an advisory sentencing guideline range of less than the ten year minimum mandatory sentence the charge carried with it.  (*Id*.)  It is apparent to this court from the sentence imposed that defendant Bernal was found by the sentencing judge to be eligible for safety valve relief which also means that the sentencing judge did not adopt the presentence report's recommendation that an aggravated role in the offense adjustment be levied. *See* U.S.S.G. 5C1.2(a)(4) (those found to be organizers, leaders, managers or supervisors of others in the offense are ineligible for safety valve relief).  In any event, this court would grant the pending motion even were defendant to have been found to have played an aggravated role in his offense of conviction at the time of his sentencing in 2013.

After reviewing and considering the government's opposition, the court has again consulted with defendant Bernal's supervising probation officer.  As a result, the court has learned that defendant's performance on supervised release has exceeded mere compliance with the conditions imposed but has in fact demonstrated his exceptionally good behavior while under supervision.  Defendant's supervising probation officer has advised that defendant has been exceptionally responsive to all probation office requests and inquiries and as a result has been placed in the low risk supervision caseload for some time.  After reviewing the government's opposition, the supervising probation officer has recommended that the request for early termination be granted.  In addition, the court notes that defendant Bernal has now successfully completed over 45 months of the originally imposed 60 month term of supervised release – over 75% of that term – without incident.  He has established steady employment, successfully opened his own business, maintained a stable residence and has strong family support.  No further purpose would be served by maintaining this defendant on the low risk supervision he is currently on.  Moreover, federal probation resources are more appropriately directed toward higher risk defendants in order to protect the public's safety.  The court therefore concludes that this defendant is no longer in need of supervision.

Accordingly, under the circumstances of this case and in light of probation's recommendation that the requested relief be granted, the undersigned will exercise the court's discretion to grant defendant's motion (Doc. No. 4) for early termination of his supervised release term.  Defendant Bernal's term of supervised release is hereby terminated and he is discharged from supervision immediately.

IT IS SO ORDERED.

Dated:   **January 27, 2022**

UNITED STATES DISTRICT JUDGE